

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| SHAWNA DENISE JEFFCOAT MCEACHERN, §<br>  Plaintiff, § § § | |
| vs. § | CIVIL ACTION NO.  0:15-1194-MGL-PJG |
| § | |
| CAROLYN W. COLVIN, §<br>Acting Commissioner of Social Security, §<br>   Defendant. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying her claim for Disability Insurance Benefits (DIB).  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that Defendant's final decision denying Plaintiff's claim for DIB be affirmed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).0

The Magistrate Judge filed the Report on April 28, 2016, and Plaintiff filed her Objections on May 12, 2016.  The Court has reviewed Plaintiff's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed her application for DIB in September 2011, asserting that her disability commenced on April 18, 2011. Defendant denied her application initially and upon reconsideration. Plaintiff requested a hearing, which the Administrate Law Judge (ALJ), Peggy McFadden-Elmore, conducted on July 17, 2013. On December 6, 2013, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on February 9, 2015. Accordingly, Defendant's decision became final for purposes of judicial review on that date. Plaintiff filed this suit on March 13, 2015.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors that the Magistrate Judge made in the Report. That is why it is so important that Plaintiff directs her or his objections to the Report, not to the ALJ's decision.

It is Plaintiff's duty to both produce evidence and prove that she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

In bears noting that "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

First, Plaintiff contends that the Magistrate Judge erred in finding that the "evidence of record supported the ALJ's credibility determination." Objections 2. According to Plaintiff, the Magistrate Judge was mistaken in accepting "that Plaintiff's testimony was inconsistent with the medical evidence of record." *Id*. The record before the Court belies Plaintiff's argument.

Much of this argument centers around a statement that the ALJ made in her decision regarding Plaintiff's intention to record songs "along with the other medical evidence of record." Report 13 (quoting A.R. 17). The ALJ opined that this evidence "indicates that [Plaintiff] is not as limited as she alleges." *Id*. Plaintiff's emphasis on this issue is misplaced.

Assuming, without deciding, that the ALJ should not have relied on Plaintiff's intention to record songs in her credibility determination, the error would be harmless. As the ALJ detailed in his decision, there are a host of others reasons for the ALJ's holding that Plaintiff was not entirely credible. Here is how the ALJ summed up the evidence as to Plaintiffs credibility:

> I considered but granted little probative weight to [Plaintiff's] testimony regarding the severity of her impairments. The severity of [Plaintiff's] allegations, including that she is unable to accomplish tasks and has frequent panic attacks, is not supported by the record.

3

> For example, July 23, 2012 record's "Interval comments" state, "Generally doing well. Has some down times and anxiety that are brief." August 2012 records state that the claimant was "Stable, Doing well." The plan was to "Continue same, Provided supportive therapy, Fu 1 month." In the September 18, 2012 visit, records note no suicidal/homicidal ideation, no psychosis, good mood and interest, with anxiety noted as "Mild, Moderate." This assessment further indicated, "Stable." The visit notation also stated, "She and friend are planning to record some music." Although claimant testified at the hearing that the music recording session, "Never happened[,]" this along with the other medical evidence of record indicates that [Plaintiff] is not as limited as she alleges. Regarding her physical impairments, medical records show that her conditions have been and continue to be treated with no indication of limitations beyond that provided in the residual functional capacity determination. The residual functional capacity generously accommodates any of the claimant's alleged concentration and pain symptoms.

A.R. 17. Having read and reread this recitation, the Court is unable to accept Plaintiff's argument that the ALJ made an improper credibility determination. There can be no doubt that substantial evidence supports the ALJ's decision in this regard. And, there is no error of law. As such, the Court will overrule this objection.

Second, Plaintiff asserts that the Magistrate Judge was mistaken in "conclud[ing] Plaintiff's husband's lack of medical background and his close ties to Plaintiff were proper reasons for [the ALJ's] finding him not credible." Objections 3. The Court cannot yield to the force of this reasoning.

In considering the testimony of Plaintiff's husband, the ALJ observed:

> [Plaintiff's] husband wanted to testify at the hearing but pursuant to agreement with the representative, I stipulate that the husband's testimony would have been supportive of [Plaintiff's] testimony. However, since [Plaintiff's] husband is not medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms, the accuracy of the information provided would be considered partially credible. Moreover, by virtue of his relationship with [Plaintiff's], he cannot be considered a disinterested third party witness whose statements would not be colored by affection for [Plaintiff].

A.R. 14.

According to 20 C.F.R. § 404.1512(b)(iii)*, the plaintiff must submit to the ALJ evidence to prove her or his disability, which includes "[s]tatements [the plaintiff] or others make about [the plaintiff's] impairment(s), . . . restrictions, . . . daily activities, . . . efforts to work, or any other statements [the plaintiff] make[s] to medical sources during the course of examination or treatment, or to [the Social Security Administration] during interviews, on applications, in letters, and in testimony in our administrative proceedings[.]" *Id*. "In considering evidence from "non-medical sources" who have not seen the individual in a professional capacity in connection with their impairments, such as spouses, parents, friends, and neighbors, it would be appropriate to consider such factors as the nature and extent of the relationship, whether the evidence is consistent with other evidence, and any other factors that tend to support or refute the evidence." SSR 06-03p, 2006 WL 2329939, at *6.

Regulation 06-03p could not be clearer: Plaintiff's husband's "lack of [a] medical background," Objections 3, renders him unable "to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms, the accuracy of the information provided," A.R. 14, especially when "the evidence is [in]consistent with other evidence" in the record. SSR 06-03p. And, "the nature and extent of [Plaintiff's husband's] relationship [with Plaintiff]," *Id*., or as Plaintiff stated, "his close ties to Plaintiff," Objections 3, were proper considerations for the ALJ to employ in making a determination as to Plaintiff's husband's credibility. Hence, the Court will overrule this objection, too.

---

*In Plaintiff's objections, she cites to 20 C.F.R. § 404.1512(b)(3). *See* Objections 2-4. This is a evidently a scrivener's error. It appears that she instead meant to cite to 20 C.F.R. § 404.1512(b)(iii).

5

Third, Plaintiff argues "that the ALJ failed to properly credit the statement of Plaintiff's treating physician."  Objections 5.  But, she makes no specific objection to the Magistrate Judge's Report as to this claim.  Because Plaintiff failed to make any specific objection here, as already noted, "[t]he Court need not conduct a de novo review . . . in that [Plaintiff] makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano*, 687 F.2d at 47.  Nevertheless, even if the Court were to consider this objection, it would hold it to be without merit inasmuch as the Court agrees with the Magistrate Judge's discussion and recommendation regarding this assignment of error.  Consequently, the Court will again overrule Plaintiff's objection.

In sum, viewing the record as a whole, the Court holds that there is substantial evidence to support the ALJ's conclusion that Plaintiff is not disabled.  That determination is reasonable and the ALJ's decision is free from reversible legal error.  Although Plaintiff asks that the Court remand this case for further explanation and/or reconsideration, such a remand would be an exercise in futility inasmuch as there is overwhelming substantial evidence in the record to support the ALJ's decision.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objection, adopts the Report, and incorporates it herein.  Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 26th day of May, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE